IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **YESENIA TOVAR and BRANDY SMITH,**<br><br>Plaintiffs,<br><br>vs.<br><br>**FANNIE'S INC., ACE-FCE, LLC, and ANDREW CARGILL,**<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiffs Yesenia Tovar and Brandy Smith bring this Complaint against Defendant Fannie's Inc., ACE-FCE, LLC, and Andrew Cargill, alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) and showing the Court as follows:

**Introduction**

1. This is an FLSA overtime action brought by two former exotic dancers who performed work at the Atlanta nightclub "Fannie's Cabaret." As in so many other similar cases filed in this District—and, indeed, across the country—in the past decade, Defendants—two entities and an individual who operated Fannie's Cabaret—paid Plaintiffs no wages for their work and forced Plaintiffs to pay out of pocket for the privilege of working.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3. Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant Fannie's, Inc.'s principal office is located in this judicial district, and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**The Parties**

4. Plaintiff Tovar is a natural person who resides in Cherokee County, Georgia.

5. Plaintiff Smith is a natural person who resides in Pike County, Georgia.

6. Defendant Fannie's, Inc. ("Fannies") is a domestic for-profit corporation organized under the laws of the State of Georgia.

7. Fannie's is subject to the personal jurisdiction of this Court.

8. Fannie's may be served with process via its registered agent, Cary S. Wiggins at 260 Peachtree Street, NW, #401, Atlanta, Georgia 30303.

9. Defendant ACE-FCE, LLC ("ACE") is a domestic limited liability company existing under the laws of the State of Georgia.

10. ACE is subject to the personal jurisdiction of this Court.

11. ACE may be served with process via its registered agent, Andrew Cargill, at 5051 Peachtree Corners Cir., Suite 200, Peachtree Corners, GA, 30092.

12. Defendant Cargill is a natural person who resides in Fulton County, Georgia.

13. Cargill is subject to the personal jurisdiction of this Court.

14. Cargill may be served with process at his residence in Fulton County, Georgia or wherever he may be found.

**FLSA Enterprise Coverage**

15. At all relevant times, Fannie's Cabaret[1] was an "enterprise engaged in commerce" as defined in the FLSA, § 3(s), 29 U.S.C. § 203 (s).

16. During 2018, Fannie's Cabaret had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17. During 2019, Fannie's Cabaret had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18. During 2020, Fannie's Cabaret had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

---

[1] N.B., Plaintiffs distinguish between "Fannie's Cabaret," the nightclub and enterprise taken as a whole, from Defendant Fannie's, Inc. ("Fannie's") a Georgia Corporation that operates the nightclub.

19. From 2018 through 2020, two or more employees of Fannie's Cabaret used or handled goods and materials that moved in interstate commerce: liquor, spirits, wine, beer, computers, office furniture, office technology, and glassware.

20. During 2018, Fannie's Cabaret had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21. During 2019, Fannie's Cabaret had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22. During 2020, Fannie's Cabaret had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23. During 2018, Fannie's Cabaret had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24. During 2019, Fannie's Cabaret had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25. During 2020, Fannie's Cabaret had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26. At all relevant times, Fannie's Cabaret was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**Employment Relationship**

27. At all relevant times, Fannie's Cabaret set the prices that all Fannie's dancers were required to charge for table dances and VIP dances.

28. At all relevant times Fannie's Cabaret provided the physical premises that all Fannie's dancers performed in, including the stages, poles, lighting, musical equipment, bars, televisions, seating, tables, VIP rooms, air conditioning, heating, parking areas, restrooms, and dressing rooms.

29. At all relevant times, Fannie's Cabaret dancers performed stage sets on set rotations.

30. At all relevant times, Fannie's charged its customers a fee to permit dancers to perform in VIP rooms and remove the dancers from their stage rotations.

31. At all relevant times, Plaintiffs' work as dancers at Fannie's Cabaret did not require any special skill or training.

32. At all relevant times, Plaintiffs did not share Defendants' opportunity for profit and loss depending on managerial skill.

33. At all relevant times, Plaintiffs' investment in the equipment and materials needed to perform their jobs was limited to their own clothing and the fees they were required to pay each shift.

34. At all relevant times, Defendants' investment in the equipment and materials needed for Plaintiffs to perform their job dwarfed any investment by Plaintiffs.

35. At all relevant times, Plaintiffs' dancer work at Fannie's Cabaret was open-ended and not for a set time period.

36. At all relevant times, dancer work such as that of Plaintiffs was integral to Fannie's Cabaret's business as a "gentlemen's club."

37. At all relevant times, Defendant Fannie's, Inc., which owns and operates Fannie's Cabaret, was Plaintiffs' "employer" within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

**Joint Employers**

38. Cargill formed ACE in approximately July 2019 and in approximately September 2020 ACE began administering payroll for all of the employees who work at Fannie's Cabaret, including but not limited to exotic dancers.

39. Cargill formed ACE for the explicit purpose of helping Fannie's evade its responsibilities under the FLSA and shielding Fannie's from liability by purporting to be the actual "employer" of Fannie's employees.

40. At all relevant times, both Fannie's and ACE were under the primary control of Defendant Cargill.

41. At all relevant times, Cargill was the General Manager of Fannie's.

42. At all relevant times, Cargill was the owner of ACE.

43. At all relevant times, Cargill was the highest-level manager of ACE.

44. At all relevant times, the business activities of Fannie's and ACE have been coordinated such that there is no practical difference between the two entities.

45. Beginning in approximately September 2019 and continuing through the end of her employment, Fannie's and ACE jointly employed Plaintiff Smith and are jointly and severally liable for all the Fair Labor Standards Act violations from that date.

**Individual Employer Under the FLSA**

46.     Throughout both Plaintiffs' employment, Cargill was involved in the day-to-day operation of Fannie's Cabaret.

47.     Throughout both Plaintiffs' employment, Cargill was the highest-ranking manager at Fannie's Cabaret.

48.     Throughout Plaintiffs' employment, Cargill had supervisory authority over Plaintiffs.

49.     Throughout Plaintiffs' employment, Cargill had the authority to hire and fire Plaintiffs.

50.     Throughout Plaintiffs' employment, Cargill had authority over the terms of Plaintiffs' compensation.

51.     Throughout Plaintiffs' employment, Cargill was Plaintiffs' "employer" within the meaning of the 29 U.S.C. § 203(d).

**FLSA Violation**

52.     At all relevant times, Fannie's Cabaret provided entertainment in the form of nude or semi-nude female dancers.

53.     From approximately September to November 2018, Plaintiff Tovar worked as an exotic dancer at Fannie's Cabaret.

54.     From approximately October 2018 through July 2020, Plaintiff Smith worked as an exotic dancer at Fannie's Cabaret.

55. Throughout Plaintiff Tovar's employment, Defendants Fannie's and Cargill failed to pay her any wages or compensation whatsoever.

56. Throughout Plaintiff Smith's employment, until approximately September 2019, Defendants Fannie's and Cargill failed to pay her any wages or compensation whatsoever.

57. Beginning in approximately September 2019, Defendants Fannie's, ACE, and Cargill paid Plaintiff Smith some wages, but failed to pay her the required federal minimum wage of $7.25 per hour.

58. Throughout both Plaintiffs' employment at Fannie's Cabaret, Defendants required them to pay money to Defendants and their employees during each shift as a condition of employment.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

59. At all relevant times, Plaintiffs were employees of Fannie's, Inc. and Cargill and were entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

60. From approximately September 2019 through the end of her employment, Plaintiff Smith was jointly employed by Fannie's, Inc., Cargill, and ACE-FCE, LLC, and was entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

61. At all relevant times, Defendants willfully failed to compensate Plaintiffs at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

62. As a result of the underpayment of minimum wages described above, Defendants are liable to Plaintiffs in an amount equal to be determined at trial.

63. As a result of the underpayment of minimum wages, Defendants are liable to Plaintiffs for liquidated damages in an amount equal to their unpaid minimum wages, pursuant to 29 U.S.C. § 216(b).

64. As a result of the underpayment of minimum wages, Defendants are liable to Plaintiffs for their litigation costs, including their reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully pray:

1. That their claims be tried before a jury;
2. That judgment be entered against all Defendants;
3. That they be awarded all unpaid minimum wages, in an amount to be determined at trial;
4. That they be awarded reimbursement of all kickbacks paid in an amount to be determined at trial;
5. That they be awarded liquidated damages in an amount equal to all unpaid minimum wages and kickbacks;

6.  That they be awarded pre-judgment interest to the extent that liquidated damages are not awarded;

7.  That they be awarded nominal damages;

8.  That they be awarded their costs of litigation, including reasonable attorney's fees; and

9.  For such other relief as the Court deems just and proper.

Respectfully submitted this 20th day of August 2020,

|  |  |
|---|---|
|  | **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** |
|  | *s/Matthew W. Herrington* |
| 101 Marietta Street | Charles R. Bridgers |
| Suite 2650 | Ga. Bar No. 080791 |
| Atlanta, Georgia 30303 | Kevin D. Fitzpatrick |
| (404) 979-3150 | Georgia Bar No. 262375 |
| (404) 979-3170 (f) | Matthew W. Herrington |
| charlesbridgers@dcbflegal.com | Ga. Bar No. 275411 |
| kevin.fitzpatrick@dcbflegal.com |  |
| matthew.herrington@dcbflegal.com | Counsel for Plaintiffs |