UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YESENIA TOVAR and BRANDY SMITH,

    Plaintiffs,

v.

FANNIE'S INC., ACE-FCE, LLC, and ANDREW CARGILL,

    Defendants.

CIVIL ACTION NO.
1:20-CV-03443-CAP

# O R D E R

The plaintiffs filed this action on August 20, 2020, seeking unpaid minimum hourly wages under the Fair Labor Standards Act ("FLSA"). The defendants answered and filed a counterclaim on October 5, 2020, and discovery was set to begin on November 4, 2020. However, on October 16, 2020, the defendants made an offer of judgment under Rule 68. Before the court is the plaintiffs' motion to strike the defendants' offer of judgment [Doc. No. 17].

Rule 68 of the Federal Rules of Civil Procedure provides:

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice

>accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer.  Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs. . . .
>
>\*\*\*
>
>(d) Paying Costs After an Unaccepted Offer.  If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68.  The purpose of rule 68 is to encourage settlements, and its basic premise is if the plaintiff rejects the offer of judgment, and ultimately recovers less at trial than the amount specified in the offer, he must pay the defense costs incurred after the date of the offer.

The defendants offered "to pay $10,875.97 to the Plaintiffs in full and complete satisfaction of Plaintiffs' claims asserted in the litigation, exclusive of costs and attorneys' fees." [Doc. No. 17-1]. The plaintiffs ask the court to strike the defendants' October 16 offer of judgment as premature. They contend that because the defendants failed to provide the plaintiff's time and

pay records, there is no basis for determining whether the offer is reasonable. The court agrees.[1]

"Despite the apparent conflict between automatic entry of judgment of an accepted Rule 68 offer and the requirement in *Lynn's Food* of judicial approval of FLSA settlements, courts in this Circuit have held that Rule 68 offers of judgment are subject to judicial scrutiny." *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 602 (N.D. Ga. 2014) (collecting cases). As a result, this court has stricken Rule 68 offers of judgment under the FLSA when there is no basis for determining if the offer was fair and reasonable. *See, e.g.*, *Walker, id.* ("In light of the absence of such documentation and in light of Plaintiff's objections that Defendants have provided no evidence to support the bonus calculations or any estimate as to the basis for the remaining two damage theories (off-the-clock time and falsification of records), the Court agrees the record is presently insufficient to perform the judicial review required by *Lynn's Food*."); *Luna v. Del Monte Fresh Produce (Se.), Inc.*, No. 1:06-CV-2000-JEC, 2008 WL 754452, at *12 (N.D. Ga. Mar. 19, 2008), *amended in part*, No. 1:06-CV-2000-JEC, 2009 WL 10670185 (N.D. Ga. Mar. 3, 2009), *aff'd*, 354 F. App'x 422 (11th Cir. 2009) ("At this stage in the

---

[1] Accordingly, the court will not determine whether the offer is invalid because it excludes costs and attorney's fees, which the plaintiffs also argue.

3

litigation, there is absolutely no basis for determining whether the offers are fair and reasonable. The parties have not conducted any merits discovery or provided even an estimate as to the amount plaintiffs might be entitled to recover on their FLSA and AWPA claims."); *Hwangbo v. Designer Cleaners, Inc., et al.*, No. 2:19-CV-250-RWS, order granting mot. to strike [Doc. No. 31] (N.D. Ga. April 20, 2020) (granting motion to strike Rule 68 offer as premature, while holding "The Court agrees with Plaintiff that his time and pay records are the single most important piece of evidence in determining the amount of outstanding wages owed.").

The defendants point out that its offer is more detailed than many in the cases relied on by the plaintiffs or cited above. Specifically, the offer states that the defendants reviewed its pay and time records, and then states the purported hours each plaintiff worked, their pay rates, and the total each plaintiff would be entitled to. The defendants also show that subsequent to the plaintiff's motion they produced records showing the hours the plaintiffs worked and claim that now there is sufficient material for the court to use and review the offer for reasonableness. The court is not persuaded by either argument.

Neither party disputes the fact that the plaintiffs' time and pay records are the single most important piece of evidence in determining the amount of

outstanding wages owed. Indeed, the defendants compiled and reviewed these records to determine the amount to include in the offer of judgment. However, they were not produced to the plaintiffs until after the 14-day period to accept the offer of judgment expired. This left the plaintiffs to evaluate the reasonableness of the offer solely on the defendants' assertions of the hours they worked.

Also, the defendants provide no support for the contention that because they have now provided these records—albeit after the offer lapsed—the court can rely on these records when evaluating the offer for fairness. The driving purpose behind judicial review of FLSA settlements is "the great inequalities in bargaining power between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). Thus, the court cannot see how it could find the offer fair and reasonable when the plaintiffs were not provided with the single most important pieces of evidence during the time they had to accept the offer. The defendants' argument encourages the one-sided bargaining that the FLSA seeks to prevent.

Because the defendants' offer of judgment does not permit judicial review for fairness and reasonableness, the court deems the defendants' Rule 68 offer ineffective as it is inconsistent with the spirit and purpose of the rule.

Accordingly, the court will not subject the plaintiff to the adverse consequences of refusing the offer under Rule 68. The plaintiffs' motion to strike the defendants' offer of judgment [Doc. No. 17] is GRANTED.

**SO ORDERED** this 20th day of November, 2020.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge
