## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| YESENIA TOVAR AND BRANDY SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> FANNIE'S INC., ACE-FCE, LLC, AND ANDREW CARGILL, <br><br> Defendants. | Civil Action No. <br> 1:20-cv-03443-CAP |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF

Plaintiffs Yesenia Tovar and Brandy Smith (collectively, "Plaintiffs") and Defendants Fannie's, Inc., ACE-FCE, LLC and Andrew Cargill (collectively, "Defendants") file this motion seeking approval of a settlement reached between Plaintiffs and Defendants (collectively, the "Parties"). This motion is also based upon the record of this case and the proceedings herein.

The Parties jointly request that the Court enter an Order approving the settlement reached between the Parties as a fair resolution of their bona fide dispute regarding the amount Plaintiffs are entitled to under the FLSA. The Parties' settlement is a product of arm's-length negotiations between the Parties and their

experienced counsel. The Parties respectfully submit that the settlement is fair, reasonable, and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of the settlement. A copy of the Settlement Agreement, Waiver and Release setting forth all of the terms of the settlement is attached hereto as **Exhibit "A"**.

## I.    BACKGROUND

On August 20, 2020, Plaintiffs filed a complaint [Doc. 1] alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (the "Complaint"). Defendants timely filed answers and affirmative defenses to the Complaint and Defendant Fannie's Inc. filed counterclaims against Plaintiffs for money had and received, unjust enrichment, and breach of contract. [Docs. 12, 13,14.]

Plaintiffs alleged in their Complaint that they worked for Defendants in the two years preceding the filing of this action and contend that Defendants violated the FLSA by failing to pay minimum wages and overtime wages. Plaintiffs seek the following amounts for alleged unpaid wages, overtime, and "kickbacks":

a) Plaintiff Smith alleges she work at Fannie's between October, 2018 and July, 2020 and was entitled to recover $21,985.50;

b) Plaintiff Tovar alleges she worked at Fannie's from September to

November, 2020 and seeks $4,668;

Defendant Cargill denies he is Plaintiffs' employer.

Defendant Fannie's acknowledges that Plaintiffs worked at its club, but contends that Plaintiffs were not "employees" within the meaning of the FLSA and are therefore not protected by the FLSA. Even if they were "employees," Defendant Fannie's contends that Plaintiffs were paid from service charges pursuant to 29 C.F.R. § 531.55, such that their actual compensation exceeded any minimum wage or overtime obligations to which Plaintiffs might have been entitled if they were statutory employees. Defendant Fannie's counterclaims seek a return of those service charges in the event Plaintiff is reclassified as an employee.

Defendant ACE-FCE asserts that its compensation mechanism satisfied the requirements of the FLSA.

Throughout the pendency of this case, the parties have engaged in arms-length negotiations. Through these negotiations, the Parties have reached the settlement outlined herein. As further set out below, the Parties state and agree that the terms and conditions of this settlement are fair, reasonable, and in the best interest of the Parties and are expressed in the Settlement Agreement, Waiver and Release attached hereto as **Exhibit "A"**.

## II.  Argument and Citation of Authority

A. Legal Standards

The Court must scrutinize the compromise of an FLSA action for fairness. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and

resolution.'" *King*, 2007 WL 737575 *3. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

> B. The Settlement is a Fair, Just, and Reasonable Compromise of Disputed Claims.

As set forth in the FLSA Settlement Agreement, Waiver and Release attached hereto, the Parties propose to settle this litigation for the total sum of $26,000, including $6,985 in attorney's fees, $515 in costs, and $18,500 payable to Plaintiffs. This represents approximately 69.41% of Plaintiffs' own estimation of their maximum possible recovery. The Parties have agreed to resolve this case because the settlement reflects a reasonable compromise of the Parties' disputed issues and any actual or potential claims. In addition, the Parties believe that the certainty of settlement is far better than the uncertain outcome of a lengthy trial and Plaintiff's ability to collect on any potential judgment given the impact of the pandemic and Covid-19.

If Plaintiffs were successful on their claims, Defendants could be held liable for minimum wages and any overtime wages which Plaintiffs could prove were owed at trial plus attorneys' fees and costs in this case.  Even if Plaintiffs were

successful in their claims, Defendant Fannie's counterclaim could also be successful, resulting in an award substantially offsetting any award for Plaintiffs. If Plaintiffs were not successful, they would be faced with no recovery of any kind, could have to pay certain costs, and could still face liability on Defendant Fannie's counterclaims.

In reaching this settlement, the Parties gave due consideration to the range of possible awards for hourly compensation. Moreover, the effect of the pandemic on the resolution of this case were factors.

The settlement amount reflects a fair and reasonable compromise of the disputed issues, while avoiding the risks of litigation, including Defendant Fannie's counterclaim and the possibility that Plaintiffs will be unsuccessful. Moreover, Plaintiffs will avoid the risks and costs inherent in collection of any potential judgment. Although Plaintiffs contends that they are entitled to more, they acknowledge the risks and uncertainties of further litigation and, in particular, the difficulty in proving their potential damages and collecting on any potential judgment.

In light of these facts, the uncertainty of trial, the fact that Fannie's is no longer in business, and the potential counterclaims and costs Plaintiff may face if this case is not settled, the Parties believe that the settlement is fair and reasonable. Given

these circumstances, a presumption of fairness should attach to the proposed settlement. *Lynn*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Moreover, the endorsement of the settlement by counsel for the Parties is a "factor that weighs in favor of approval" of an FLSA settlement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanilla v. A&R Demolition, Inc.,* 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008). Here, Plaintiffs' experienced FLSA counsel is fully aware of the applicable law, Plaintiffs' factual contentions and the evidence supporting same and is in the best position to evaluate whether this settlement produces fair results after consideration of risks. Plaintiffs' counsel has concluded that Plaintiffs' settlement with Defendants is fair, reasonable, adequate, and in Plaintiffs' best interests.

The Court should also approve the settlement because the Parties engaged in arms-length settlement negotiations and were able to reach an agreement to resolve this matter through negotiations between their respective counsel. Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with

experience in litigating claims under the FLSA, and each counsel vigorously represented their clients' interests.

Lastly, the Parties submit that the total attorneys' fees and costs amount of $7,500 to Plaintiffs' counsel is reasonable given the amount of time and effort expended on this case. Plaintiffs' counsel conducted preliminary investigation of Plaintiffs' claims, drafted the Complaint, moved to strike Defendants' Offer of Judgment, participated in the drafting of the Joint Preliminary Report and Discovery Plan, and engaged in settlement negotiations.

### III. Conclusion

The settlement in this case is the product of contested litigation, Plaintiffs are represented by competent and experienced counsel, and the settlement reflects a reasonable compromise over disputed issues. The Parties therefore respectfully submit that the settlement is fair and reasonable and consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*, and that all of the relevant criteria support approval of their settlement.

For these reasons, the Parties respectfully request that this Court approve Plaintiff's settlement as set forth in the Settlement Agreement, Waiver and Release attached hereto as **Exhibit "A"** and administratively close this case until Plaintiff receives the full settlement payment from Defendants. On or before ninety one (91)

days after the full settlement payment is received, the Parties will file a stipulation of dismissal with prejudice or a status report regarding the settlement, with the right of any party to reopen the case if the settlement is not consummated.

This the 22nd day of December, 2020.

| | |
|---|---|
| **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC** | **SCHREEDER, WHEELER & FLINT, LLP** |
| *s/ Kevin D. Fitzpatrick, Jr.* <br> Charles R. Bridgers <br> Ga. Bar No. 080791 <br> Kevin D. Fitzpatrick, Jr. <br> Georgia Bar No. 262375 <br> Matthew W. Herrington <br> Georgia Bar No. 275411 <br> 101 Marietta Street NW <br> Suite 2650 <br> Atlanta, GA 30303 <br> (404) 979-3150 <br> (404) 979-3170 (facsimile) <br> charlesbridgers@dcbflegal.com <br> kevin.fitzpatrick@dcbflegal.com <br> matthew.herrington@dcbflegal.com <br><br> Counsel for Plaintiffs | *s/ Jonathan A. Akins* <br> John A. Christy <br> Jonathan A. Akins <br> 1100 Peachtree Street N.E., Suite 800 <br> Atlanta, Georgia 30309-4516 <br> (404) 681-3450 Telephone <br> (404) 681-1046 <br> jchristy@swfllp.com <br> jakins@swfllp.com <br><br> Counsel for Defendant Fannie's, Inc. <br><br> **WIGGINS LAW GROUP, LLC** <br><br> *s/ Cary S. Wiggins* <br> Cary S. Wiggins <br> Suite 401 <br> 260 Peachtree St., NW <br> Atlanta, GA 30303 <br> Telephone: (404) 659-2880 <br> Facsimile: (404) 659-3274 <br> cary@wigginslawgroup.com <br><br> Counsel for Defendants ACE-FCE, LLC and Cargill |

# EXHIBIT "A"

FLSA Settlement Agreement, Waiver and Release

This Settlement Agreement, Waiver and Release (the "**Agreement**") is entered into and executed as of this ___ day of December, 2020 by and between Yesenia Tovar and Brandy Smith (collectively, "Plaintiffs") and Defendants Fannie's, Inc., ACE-FCE, LLC and Andrew Cargill (collectively, the "**Defendants**" and together with the and Plaintiff are collectively referred to as the "**Parties**" and each a "**Party**"). The Agreement was presented to Plaintiffs and their counsel on December ___, 2020, and, after careful review and consideration of the entire Agreement, Plaintiffs initialed each of the pages of the Agreement and signed the Agreement as of the date hereof.

RECITALS

A.      Plaintiffs have asserted claims that they were entitled to certain payments to compensate for work performed, including wages at the minimum-wage rate and applicable overtime rates pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and other relief (the "**Claim**").

B.      Plaintiffs are plaintiffs in a civil action styed *Yesenia Tovar and Brandy Smith. v. Fannie's, Inc. et. al.*, Case No. 1:20-cv-03443-CAP filed in the United States District Court for the Northern District of Georgia, Atlanta Division (the "**Lawsuit**").

C.      In response, the Defendants answered the Lawsuit, asserted counterclaims against the Plaintiffs and carefully reviewed the Claim and determined that there is a dispute as to the accuracy of Plaintiffs' contentions regarding (a) the nature of Plaintiffs' relationship as independent contractors of Defendants; (b) the time worked by Plaintiffs and amount of back wages due; and (c) other elements of the Claim.

D.      The Parties agree that it is in their best interest to resolve Plaintiffs' Claim because: (1) the Parties have a bona fide dispute as to the amount of hours worked by, and amount of compensation due to, Plaintiffs; (2) this settlement and compromise does not result in payment to Plaintiffs of less than minimum wages or less than the statutory overtime rate due, and represents full compensation of all amounts owed to Plaintiffs; and (3) the Company has not obtained Plaintiffs' agreement to the Agreement through fraud or duress.

E.      The Parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Plaintiffs brought or could have brought against Defendants in the Lawsuit.

F.      Plaintiffs, after review and consultation with Plaintiffs' counsel, and Defendants have decided to full and final settlement of the Claim and the Lawsuit, which settlement is not a compromise of guaranteed FLSA substantive rights. The Parties now want to settle all disputes,

**Page -1-**

claims, and controversies arising out of the Claim and any other claims and concerns that Plaintiff has or may have relating to her work with Company through the date of this Agreement.

NOW THEREFORE, in careful review and consideration of the promises and releases made here, Plaintiffs and Defendants agree to the following fair and reasonable resolution of their present bona fide dispute over FLSA coverage, classification of Plaintiffs, and computation of back wages and other claims asserted in the Lawsuit:

Within seven (7) business days after Defendants receive a fully executed original of this Agreement, the Parties will file a Joint Motion for Approval of Settlement of the Lawsuit, seeking the Court's approval of this Settlement Agreement and dismissal of the Lawsuit and Defendants' counterclaims with prejudice. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement and dismissal of the Lawsuit and Defendants' counterclaims and  Plaintiffs expressly waive any right to appeal  and agree not to appeal  the order approving the settlement  The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiff's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Plaintiff's attorneys' fees to be paid to Plaintiff's counsel out of the total Settlement Payment.  If this Settlement Agreement is not approved by the Court in the Lawsuit within ninety (90) days from its execution by Plaintiffs, this Agreement may be declared null and void by the Defendants at their sole option

The Defendants shall pay Plaintiffs $26,000 payable in six (6) installments of $4,333.33 (the "**Settlement Payment**") beginning on the first day of the first month following the Court's order granting the Parties' Joint Motion for Settlement Approval and on the first day of each month thereafter for five (5) months. Plaintiffs knowingly and voluntarily acknowledge and agree that acceptance of the Settlement Amount satisfies, discharges, and releases their Claim, as well as all other claims or causes of action arising under or pursuant to the FLSA, and their claims in the Lawsuit, known or unknown, asserted or unasserted, as of the date of this Agreement. Plaintiffs understand that this Agreement waives and releases any and all actual or potential claims, including employment discrimination and compensation related claims, but does not release any claims arising after they sign the Agreement. Plaintiffs understand that they can consult with any advisor of their choice, including an attorney, before signing this Agreement

2. <u>Voluntary Nature of Agreement.</u>

Plaintiffs state that they sign this Agreement knowingly and voluntarily as an act of their own free will; that they are of sound mind; and that they are laboring under no physical, psychological or mental infirmity which would affect either their capacity to understand the terms of this Agreement or to freely enter into and be bound by the provisions of this Agreement. Plaintiffs acknowledge that, upon receipt of the Settlement Amount, they will have received full payment for all work performed through their last day of employment with any of the Defendants and that they have no outstanding claims for any unpaid wages, salary, commissions, bonuses,

expenses, vacation or sick leave reimbursements, or travel expenses.

      3.      <u>Careful Review by Plaintiffs.</u>

Plaintiffs represent that they fully understand their rights to discuss all aspects of this Agreement with an attorney of their choice, that Defendants have recommended that they conduct their own careful review and analysis of the Claim and discuss it with their personal advisors, including Counsel, who is an attorney of their choice in the Lawsuit. Plaintiffs states that they know they can avail themselves of this right and opportunity, that they have carefully read and fully understand all of the provisions of this Agreement, and that they have had adequate time to review and consider this Agreement.

Plaintiffs acknowledge and agree that in signing this Agreement they do not rely, and have not relied, upon any representation or statement made by Defendants with regard to the terms or effect of this Agreement.

Plaintiffs further acknowledge and agree that in the event they perform further work for or on behalf of Defendants, that they will not be treated for tax purposes as employees, but as independent contractors. *This Agreement does not affect the rights and responsibilities of the Equal Employment Opportunity Commission (the "Commission") or the Department of Labor ("DOL") to enforce the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Age Discrimination Act of 1975, the Equal Pay Act, the FLSA, the Genetic Information Nondiscrimination Act, or the Uniformed Services Employment and Reemployment Rights Act and will not be used to impede or interfere with (1) Claimant's protected right to file a charge, testify, assist or participate in an investigation or proceeding conducted by the Commission, the DOL, or any other governmental agency dealing with employment issues; or (2) the Commission's investigative or enforcement efforts.* Plaintiffs retain the right to communicate with the Commission and comparable state or local agencies, whether such communication be initiated by Plaintiffs or any government agencies, bodies, or officials, and Plaintiffs are not limited by any non-disparagement or confidentiality obligations under the Agreement from taking any such actions.

      4.      <u>No Other Claims.</u>

Plaintiffs, collectively and individually, represent that they have not filed, or advocated that others file, any complaints, charges, proceedings, or lawsuits against Defendants with any governmental agency, court, or private arbitration association based on employment at or with Defendants or on events that have occurred on or before the date of this Agreement, and further that they will not do so at any time hereafter regarding the Claim; provided, however, that this shall not limit Plaintiffs from enforcing their rights under this Agreement or their right to file any claim, lawsuit, or proceeding regarding events occurring after the date of this Agreement.

5. <u>Consideration and Benefits.</u>

Fannie's, Inc. or ACE-FCE, LLC will issue the following tax documents in connection with the Settlement Amount:

a. An IRS Form W-2 to Plaintiff Tovar in the amount of $1,620.08;
b. An IRS Form W-2 to Plaintiff Smith in the amount of $7,629.92;
c. An IRS Form 1099-MISC to Plaintiff Tovar in the amount of $1,620.08 designated as Box 3 "other income";
d. An IRS Form 1099-MISC to Plaintiff Smith in the amount of $7,629.92 designated as Box 3 "other income";
e. An IRS Form 1099 to Charles Bridgers, Attorney, LLC, in the amount of $7,500.

Plaintiffs will each deliver an IRS Form W-4 to Fannie's, Inc. and ACE-FCE, Inc. upon execution of this Agreement. Plaintiffs acknowledge and agree that this payment shall be reported by Fannie's, Inc. and ACE-FCE, Inc. to the Internal Revenue Service, the Georgia Department of Revenue, and any other appropriate state and local revenue agencies and Plaintiffs are solely responsible for payment of all taxes due upon such amounts.

6. <u>Full and Complete Release.</u>

Plaintiffs, on behalf of themselves, their heirs and personal representatives, waive all claims and causes of action against, and release and discharge, each of the Defendants and their corporate affiliates, predecessors, successors, officers, directors, agents, representatives, shareholders, managing members, responsible and control parties, insurers, accountants and attorneys (the "Released Parties") from the Claim and any and all claims, actions and causes of action, demands, damages, or suits of any kind or nature whatsoever, whether they sound in equity, law, tort or contract, including but not limited to those arising out of her employment or the termination of her employment with Fannie's, Inc.., any claims asserted or which could have been asserted by Plaintiffs in the Lawsuit, or any act or omission of the Released Parties, whether known or unknown, occurring at any time on or before the effective date of this Agreement. Plaintiffs further waive and release all claims arising out of any applicable local, state or federal employment laws and discrimination statutes or regulations, including those arising under 26 U.S.C.§ 7434, the Age Discrimination in Employment Act of 1967, as amended, and the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f) *et. seq.*, and including but not limited to any claim under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Equal Pay Act, the federal Family and Medical Leave Act, the Fair Labor Standards Act, the Worker Readjustment Retraining and Notification Act, the National Labor Relations Act, the Fair Credit Reporting Act, the Occupational Safety and Health Act, the Genetic Information Non-Discrimination Act, and any state or local laws relating to or arising out of their employment and all other common law claims, state and federal statutes and laws of contract and tort, including any claims for commissions, and any claims for attorney's fees or costs. It is the

intention of the Parties that no claims intended to be released hereby have been through oversight or error, intentionally or unintentionally, omitted from this release. Plaintiffs further represent and warrant to the Released Parties as a material term of this Agreement that they have not pledged, assigned or conveyed any portion of the claims being released. This release shall be effective ninety one (91) days after the receipt of the last installment of the Settlement Payment provided the Fannie's, Inc. is not then a debtor in a case under Title 11 of the United States Code and so long as Plaintiff tender back so much of the Settlement Payment as has been paid to them.

Plaintiffs acknowledge and agree that Defendants have no past or present, liability, obligation or duty to Plaintiffs other than as expressly stated herein. It is the intention of Plaintiffs that this release shall encompass all presently existing claims (other than claims which cannot be waived by operation of law), whether known or unknown, including those unintentionally omitted from the terms of this release. It is the intention of Plaintiffs that this release shall constitute a release from liability for any claims which may already exist, but which are unknown to or undiscovered by Plaintiffs. This is not a release of claims that may arise after the date this Agreement is executed. This waiver is not a mere recital, but is a known waiver of rights and benefits. This is a bargained-for provision of this Agreement and further consideration for the covenants and conditions contained herein.

### 7. Non-Admission of Liability.

The Defendants deny that the Plaintiffs were employees but were at all times independent contractors. This Agreement does not constitute an admission by Defendants of any violation of federal, state, or local law, or any ordinance or regulation, or of any liability or wrongdoing whatsoever. Thus, neither this Agreement nor anything stated in this Agreement shall be construed to be, or admissible in any proceeding as, evidence of liability or wrongdoing by Defendants, or any of the Released Parties or any of their agents.

### 8. Governing Law.

This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia, without regard to its conflicts of law rules.

### 9. Entire Agreement.

This Agreement constitutes the entire agreement between the Parties and supersedes any and all other agreements, understandings, or promises, either oral or in writing, between the Parties. In this Agreement, the use of the pronoun "he" or "she" may be used interchangeably but shall conform to the gender of the Plaintiffs.

### 10. Binding Nature of Agreement.

The Parties intend and agree that all of the terms, covenants, conditions and provisions

of this Agreement will be valid and enforceable to the fullest extent permitted by law, and that the rule of construction which provides that the document is construed against the drafter thereof shall be inapplicable in the construction of this Agreement. The Recitals are material to this Agreement and are incorporated herein as part of the Agreement.

Plaintiffs have carefully read and considered this Agreement and accept and agree to its provisions and the releases and waivers given and hereby execute it voluntarily with full understanding of its consequences, by signing below and by initialing each page.

11. Execution.

This Agreement may be executed in one or more counterparts each of which when so executed shall be deemed an original and all such counterparts together shall constitute but one and the same instrument, and shall be fully effective as if signed by all parties whether or not the signatures of all the parties appear on the original or any one copy of the Agreement. Signatures transmitted or delivered by email or facsimile shall be acceptable and shall have the same force and effect as if containing an original signature.

IN WITNESS WHEREOF, the parties have signed and sealed this Agreement as of the year and date above written.

_____
**YESENIA TOVAR**


_____
**BRANDY SMITH**


**FANNIE'S, INC.**

By:_____

Its:_____

**ACE-FCE, INC**.

By:_____

Its:_____

_____
**ANDREW CARGILL**

**Page -6-**

## **STATEMENT OF COMPLIANCE WITH FONT SIZE**

I hereby certify that the foregoing **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** has been prepared with 14-Point Times New Roman font, which is one of the font and point selections approved by the Court in LR 5.1C, N.D. Ga.

This the 22nd day of December, 2020.

                                              */s/ John A. Christy*
                                              JOHN A. CHRISTY
                                              Georgia Bar No. 125518
                                              *Attorney for Fannie's, Inc.*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
Email:  jchristy@swfllp.co

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Matthew W. Herrington
Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.
101 Marietta Street NW
Suite 2650
Atlanta, GA 30303

Cary S. Wiggins
Suite 401
260 Peachtree St., NW
Atlanta, GA 30303

This the ___ day of December, 2020.

/s/ Jonathan A. Akins
JOHN A. CHRISTY
Georgia Bar No. 125518
JONATHAN A. AKINS
Georgia Bar No. 472453
*Attorney for Defendant Fannie's, Inc.*