UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YESENIA TOVAR and BRANDY SMITH, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:20-CV-3443-CAP |
| FANNIES, INC., ACE-FCE, LLC, and ANDREW CARGILL, | |
| Defendants, | |
| FANNIE'S, INC., | |
| Counterclaimant | |
| v. | |
| YESENIA TOVAR and BRANDY SMITH, | |
| Defendants-in-counterclaim. | |

O R D E R

This matter is before the court for consideration of the parties' joint motion for review and approval of their settlement agreement [Doc. No. 30]. The proposed agreement settles the plaintiffs' claims brought under the Fair

Labor Standards Act ("FLSA"), and the parties seek approval of the agreement.[1]

Judicial review and approval of FLSA settlements are necessary to give settlements final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). A district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* "But a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnote omitted).

Having reviewed the motion to approve, the brief in support thereof, the record, and the details of the settlement agreement, the court concludes that the terms of the settlement (1) are fair to the plaintiffs; (2) reflect a reasonable compromise over the issues that are actually in dispute in this case; (3) demonstrate a good-faith intention by the parties that the plaintiffs'

---

[1] The settlement agreement does not specify that it resolves the defendants' counterclaims against the plaintiffs. However, because the agreement requires the parties to jointly file a stipulation of dismissal upon final payment to the plaintiffs, the court finds that the agreement implicitly resolves the counterclaims as well.

claims be fully and finally resolved. Furthermore, the settlement (1) was reached in an adversarial context as the result of arms-length negotiations between the parties; (2) arrived at a fair disposition of the claims; and (3) arrived at an amount the parties agree is a fair and reasonable settlement of the attorney's fees and costs of litigation. *See generally, Lynn's Food Stores, Inc.*, 679 F.2d 1350. Finally, the court recognizes that the agreement does not contain a confidentiality clause.[2] *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute.")

Accordingly, the motion [Doc. No. 30] is GRANTED, and the FLSA settlement is hereby APPROVED by the court as a final, fair, adequate, and reasonable resolution of this action. The settlement agreement, attached to the motion to approve as Exhibit A, is hereby incorporated into this order.

---

[2] The agreement does contain clause in which the plaintiffs agree not to advocate for others to file claims against the defendant [Ex. A to Doc. No. 30 at 3]. The court finds that this clause does not prevent the plaintiffs from discussing their FLSA claims and settlement with others who work for the defendants. It merely prevents the plaintiffs from supporting or recommending others raise such claims.

Additionally, the court finds that the amounts of attorney's fees and costs agreed to by the parties are approved. The defendants shall pay the agreed upon amounts to the plaintiffs and counsel for the plaintiffs, respectively, in accordance with the terms of the agreement.

The clerk is DIRECTED to ADMINISTRATIVELY CLOSE this civil action. Within 91 days of receipt of the full settlement payment, the parties shall file a stipulation of dismissal of all claims or a status report regarding the settlement on the docket of this case. In the event the parties have not made such filing by September 15, 2021, the clerk is DIRECTED to submit this action to the undersigned.

**SO ORDERED** this 28th day of December, 2020.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge